SARAH A. OSBURN, Appellant, *v.* ROCHESTER TRUST AND SAFE DEPOSIT COMPANY, as Executor of SARAH R. DAVENPORT, Deceased, et al., Respondents.

**Will** — although a will and existing codicil may be regarded as a single and entire instrument, the destruction and revocation of the codicil does not necessarily revoke the will — when revocation of a codicil which made a specific legacy does not restore to residuary estate the amount of such legacy.

1. While a will and existing codicil are to be regarded as a single and entire instrument for the purpose of determining testamentary intention and disposition, the destruction and revocation of a codicil to a will does not necessarily or ordinarily operate as a revocation of the will.

2. The testatrix duly made and executed a will and subsequently a codicil which only modified the former by making an additional bequest of one thousand dollars before creating and providing for a residuary estate. Apparently the will and codicil were, physically, detached and separate instruments. Subsequently the codicil was intentionally destroyed and thereby revoked, but the will was fully preserved, and, after the death of the testatrix, found in an appropriate place for custody and duly admitted to probate. *Held*, that this did not operate as a revocation of the will. (*Matter of Cunnion*, 201 N. Y. 123, followed.)

3. When the codicil modified the will by providing for an additional legacy before creation of the residuary estate it modified and revoked the will to that extent. After this revocation had thus been consummated by the execution of the codicil the will could not be restored to its original form and tenor simply by the revocation of the codicil. The effect is that the testatrix died intestate as to one thousand dollars.

*Osburn v. Rochester Trust & Safe Deposit Co.*, 152 App. Div. 235, modified.

(Argued May 8, 1913; decided June 10, 1913.)

APPEAL from an order of the Appellate Division of the Supreme Court in the fourth judicial department, entered July 9, 1912, sustaining defendant's exceptions, ordered to be heard in the first instance by the Appellate Division, and granting a motion for a new trial.

This action was brought to set aside the probate of the will of Sarah R. Davenport, deceased. At the Trial Term a verdict was directed in favor of plaintiff.

*Albert H. Stearns* for plaintiff. A will and codicil constitute one testamentary instrument, the signature, signature of witnesses and attestation clause, all of which are at the end of the codicil. (*Brown* v. *Clark*, 77 N. Y. 369; *Matter of Knapp*, 23 N. Y. Supp. 282; *Matter of Storms*, 3 Redf. 327; *Matter of Miller*, 11 App. Div. 337; *Van Cortlandt* v. *Kip*, 1 Hill, 590; *Caulfield* v. *Sullivan*, 85 N. Y. 153; *Canfield* v. *Crandall*, 4 Dem. 111; *Cook* v. *White*, 43 App. Div. 388; 167 N. Y. 588; *Matter of Brewster*, 72 App. Div. 587; *Matter of Conway*, 124 N. Y. 455.) A part of a will cannot be destroyed. (*Lovell* v. *Quitman*, 88 N. Y. 377; *Matter of Curtis*, 135 App. Div. 745; *Matter of Barber*, 92 Hun, 489.) The testatrix by the canceling and destroying of her signature destroyed her will and died intestate. (*Matter of Clark*, 1 Tuck. 454.)

*Fred C. Goodwin, Leonard B. Bacon, William B. Lee, William N. Cogswell* and *Henry G. Danforth* for respondents. Revocation of the codicil did not operate to revoke the will. (6 Am. & Eng. Ency. of Law [2d ed.], 193; *Black* v. *Jobling*, L. R. [1 Prob. & Div.] 684; *Matter of Savage*, L. R. [2 Prob. & Div.] 78; *Matter of Turner*, L. R. [2 Prob. & Div.] 403; *Gardiner* v. *Courthope*, L. R. [12 Prob. & Div.] 14; *Matter of Cook*, 5 Penn. L. J. [Clark] 1; *Matter of Stewart*, 149 Penn. St. 111; *Malone* v. *Hobbs*, 40 Va. 346; *Matter of Brookman*, 11 Misc. Rep. 675; *Matter of Francis*, 73 Misc. Rep. 148; Jarman on Wills [6th ed.], 18.)

HISCOCK, J. This appeal presents the question whether the destruction and revocation of a codicil to a will necessarily operates as a revocation of the will. It was held at the Trial Term that this was the result. The

Appellate Division, however, unanimously held a contrary view.

The question is presented by very simple and entirely undisputed facts. The testatrix duly made and executed a will and subsequently a codicil which only modified the former by making an additional bequest of one thousand dollars before creating and providing for a residuary estate. Apparently the will and codicil were, physically, detached and separate instruments. Subsequently the codicil was intentionally destroyed and thereby revoked, but the will was fully preserved and after the death of the testatrix found in an appropriate place for custody and duly admitted to probate.

There can be, of course, no dispute concerning the proposition urged by the learned counsel for the appellant that a will and existing codicil are to be regarded as a single and entire instrument for the purpose of determining testamentary intention and disposition. But the further proposition which he in effect urges that a codicil so draws after it and incorporates into itself the will that the former cannot be revoked without also destroying the latter is quite a different one, and in our judgment is sustained neither by reason nor by authority.

A will and a codicil are such separate and independent instruments in point of execution that there can ordinarily be no practical objection to the revocation of the codicil alone lest it might furnish some opportunity for fraud or miscarriage of the testator's purpose.

While it might often happen that the codicil would be so related to and dependent on the will that it would be impossible to destroy the latter without carrying down the former, the reverse would ordinarily not be true. There would seem to be no good reason why a testator should not be allowed to revoke a codicil, which might be as in this case an entirely separate and distinct instrument, without destroying his will, in itself a full and complete instrument.

That these views should prevail is practically determined by authority in this state. In *Matter of Cunnion* (201 N. Y. 123) it appeared that the testator had executed two wills. The later one could not be found after the testator's death, and no evidence was produced concerning its contents. The first will was admitted to probate, and in upholding this disposition it was held in an opinion written by Judge CHASE that more than one will may exist at the same time, and that two wills may be construed together if such was the intention of the testator; that under the circumstances disclosed it was the presumption that the testator had destroyed the second will *animo revocandi;* that the later will is not necessarily a revocation of the prior will, unless by it the prior will is in terms revoked and canceled, or by the. later will a disposition is made of all of the testator's property, or the same is so inconsistent with the former will that the two cannot stand together, or that the former will is revoked *pro tanto.* Thus it was in effect held that a second will might exist with a former one, and to some extent revoke it; that the two wills if in existence were to be construed together and that the revocation of the second one did not revoke the first one.

I fail to see how we can distinguish the present case from the one cited by any real, substantial principle. There is concededly already sufficient uncertainty concerning the construction and probate of wills so that we ought not to introduce some new distinction unless it is substantial and commended by good reasons.

The codicil in the present case did not occupy any different relationship nor exercise any greater effect upon the will than did the second will upon the first one in the *Cunnion* case. The codicil simply modified the original will to the extent of a small legacy just as a second will might have done. It was called a codicil, that is a "little will" instead of a will. It so happens, although this is not by any means decisive, that the codicil in this

case was just as much an independent instrument physically as was the second will in the *Cunnion* case, and if the destruction of the second will, which while existing was related to and necessarily to be construed with the first will, did not operate as a revocation of the latter, there is no reason why the revocation of a codicil should have any such effect.

Beyond this main question there is one minor respect in which we think that the decision of the learned Appellate Division was erroneous, and that is with reference to the effect of the provision in the codicil for a legacy in addition to those mentioned in the will. When the codicil modified the will by providing for an additional legacy before creation of the residuary estate it modified and revoked the will to that extent. This revocation was consummated at the moment when the codicil was executed and published and thereafter the will was to that extent annulled. After this revocation had thus been consummated by the execution of the codicil the will could not be restored to its original form and tenor simply by the revocation of the codicil. A revocation of the revocation could not thus be accomplished. The effect of this is that the testatrix died intestate as to one thousand dollars.

It seems to be plain and to be assumed that the evidence in the action could not be changed on another trial. Therefore, instead of directing a new trial the Appellate Division should have awarded final judgment in favor of defendant sustaining the validity of the probate of the will except as to the sum of one thousand dollars mentioned in the codicil, and as to which sum it should have adjudged distribution as in case of intestacy. It having failed to do this, such judgment should be rendered by this court, without costs in any court to either party.

CULLEN, Ch. J., WERNER, CHASE, COLLIN and HOGAN, JJ., concur; WILLARD BARTLETT, J., concurs in result.

Judgment accordingly.