Subsequently defendant brought the same complaint and demurrer on for argument as a trial of an issue of law (Ventriniglia v. Eichner, supra), which trial resulted in the overruling of the demurrer, with costs, and with leave to defendant to withdraw the demurrer and answer on payment of said costs. From the interlocutory judgment entered on this decision defendant now appeals to this court.

[2] We are of the opinion that the decision of the learned judge on the first motion for judgment on the pleadings, which was never overruled or appealed from, was binding on the justices of the same court. The only question raised by the trial of the issue of law resulting in the decision and interlocutory judgment appealed from was the sufficiency of the complaint, which very question was also raised and passed upon on the first motion for judgment on the pleadings Aldrich v. Newburgh News Printing Co., 70 Misc. Rep. 126, 128 N. Y. Supp. 51; Lobsitz v. Lissberger, 157 N. Y. Supp. 117.

It follows that the interlocutory judgment must be reversed, with costs, and the demurrer sustained, with costs, with leave to plaintiff to serve an amended complaint within six days on payment of costs. All concur.

---

In re DANKLEFSEN'S WILL.

Appeal of WIUM.

(Supreme Court, Appellate Division, Second Department. January 14, 1916.)

1. WILLS ☞13—WHO MAY TAKE—STATUTORY RESTRICTIONS.
　　Where the nearest of kin to a decedent was a first cousin, Decedent Estate Law (Consol. Laws 1909, c. 13) § 17, did not apply, so that the testator might devise the bulk of his estate to a religious corporation.
　　[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 32–34, 38, 39; Dec. Dig. ☞13.]

2. WILLS ☞184—EXECUTION—SUBSEQUENT WILLS—EFFECT.
　　Where a testator willed his estate to a religious corporation, and by a will later made expressly declared that the terms of the old will should be valid, except that a small bequest should be made to a certain party, there was nothing inconsistent in the two wills, and the second was but a codicil of the first, so that they could stand together.
　　[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 462–467; Dec. Dig. ☞184.]

3. WILLS ☞185—REVOCATION OF CODICIL—EFFECT.
　　In such case, where the testator thereafter made an entry on the second will, "the foregoing testament is hereby recalled in all its words and points," the codicil alone, and not the earlier will, was revoked.
　　[Ed. Note.—For other cases, see Wills, Cent. Dig. § 446; Dec. Dig. ☞185.]

4. WILLS ☞195—REVOCATION—RESIDUARY CLAUSES—EFFECT.
　　Where a testator by a later will made a bequest which to the extent thereof reduced the residuum as bequeathed by a former will, and thereafter revoked the later will, which was in effect a codicil to the former will, the testator died intestate as to the bequest contained in the later will.
　　[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 490–493; Dec. Dig. ☞195.]

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Appeal from Surrogate's Court, Richmond County.

In the matter of the probate of the last will and testament of Bahne Danklefsen, deceased. From an order denying the petition of Matte Wium for a citation to compel the production of a later will, and to revoke the probate of a former will, petitioner appeals. Modified and affirmed.

Argued before JENKS, P. J., and THOMAS, STAPLETON, MILLS, and PUTNAM, JJ.

James C. Danzilo, of Brooklyn, for appellant.
James H. Richards, of New York City, for respondents.

PUTNAM, J. [1] As the testator left, as nearest of kin, a first cousin, the act of 1860 (chapter 360), now section 17 of Decedent Estate Law (Consol. Laws of 1909, c. 13), did not apply, and the bulk of his estate could go to a religious corporation. Under the will made in New York August 1, 1904, the Rector, Churchwardens and Vestrymen of St. George's Church in the City of New York could validly receive the fund given them by the testator for the maintenance of the seaside work of St. George's Church by the Sea at Rockaway Beach, Long Island. Appellant, however, relies on the effect of a later testament made in Copenhagen in May, 1907, followed by its formal revocation in 1908, both papers being in Danish, and executed before a notary according to Danish custom.

By the 1907 testament, first paragraph, provision was made for testator's burial in Staten Island; the second paragraph bequeathed his furniture, plate, china, linens, clothing, and 200 kroner in money (about $54) to his housekeeper. The third paragraph, as translated in the petition, ran:

"With the alterations consequent in the stipulations in paragraph 1 and 2, I confirm otherwise in every respect the will erected by me in 1904 in New York in which I have decided that the Episcopal Church St. George, Stuyvesant Square, in the City of New York, shall inherit my belongings."

After naming an executor, he subscribed this testament before a notary and two witnesses, and, according to Continental usages, directed its entry in the notary register, so that a notarial copy could have the effect of an original. In 1908 he revoked this will by an entry:

"The foregoing testament is hereby recalled in all its words and points"

—which deceased signed in presence of two witnesses. This was accompanied by a notarial certificate attesting this annulment as having been signed in the notary's presence:

"The contents of which he, who was in full possession of his mental faculties, confirmed, after having declared that he knew the same, and he further demanded that it be entered in the notary register with the legal effect that a copy thereof shall have the same validity as the original."

[2] The will of 1904, having been expressly ratified and confirmed in all respects by the later will (except as to the small bequests), remained the testator's final disposition. Both wills could stand to-

gether; indeed, in legal effect the Danish will of 1907 was but a codicil to the will of 1904.

[3] Obviously he revoked only this codicil, and not the will of 1904. Its original probate in Richmond county remained valid, notwithstanding such revocation. The surrogate, therefore, rightly denied the application to revoke the probate of the New York will and testament of August 1, 1904.

[4] A point, thought perhaps too insignificant in amount, was not raised before the surrogate. This is the continuing effect of the legacy in the will of 1907. To that extent, namely, the 200 kroner, and the furniture and clothing bequeathed, the residuary estate was reduced, which reduction was consummated at the moment of executing this second testament. Although this disposition was revoked in the following year, this reduction continued, and to that extent the original will was annulled, and deceased died intestate as to this legacy, unless the New York will was thereafter republished. Osburn v. Rochester Trust & S. D. Co., 209 N. Y. 54, 56, 102 N. E. 571, 46 L. R. A. (N. S.) 983, Ann. Cas. 1915A, 101, following Robson, J., in 152 App. Div. 235, 242, 136 N. Y. Supp. 859.

The surrogate's order denying appellant's petition is therefore modified, so as to be without prejudice to appellant's right to offer proof of the notarial record of such foreign will and revocation under Code of Civil Procedure, § 956, or otherwise to establish the existence of such later testamentary documents; and, as so modified, the order of the Surrogate's Court of Richmond County is affirmed, without costs. All concur.