In the Matter of the Estate of EMILY F. SOUTHMAYD, Deceased.

Surrogate's Court, New York County, January 16, 1925.

Wills — construction — codicils reaffirming will — residuary clause not revoked by specific legacies in codicils — legatee under codicils renounced legacies which then became part of residuary — testatrix died testate as to all her property.

Where codicils to a will giving a legacy to a named legatee expressly reaffirm the will and declare that each instrument, together with the will, is the last will and testament of the testatrix, the legacies may be considered to have been incorporated into one instrument which disposed of the entire estate of the testatrix.

The execution of the codicils reduced the residuary estate but did not revoke the residuary clause.

Surrogate's Court, New York County, January, 1925.      [Vol. 124

The legacies given by the codicils having been renounced by the legatee, they became a part of the general estate, and, if the estate is sufficient, they pass under the residuary clause of the will.

PROCEEDING for an accounting involving construction of will.

*Evarts, Choate, Sherman & Leon,* for the proponents.

*Arthur L. Livermore,* for the objectors.

*Wilson M. Powell,.* for the Society of the New York Hospital.

*Robert H. Gay,* for the New York Association for the Blind.

*Roosevelt, Kobbe & Thatcher,* for the Sheltering Arms and for the Roosevelt Hospital.

*Middlebrook & Borland,* for the Rector, Churchwardens and Vestrymen of Grace Church.

*Stetson, Jennings & Russell,* for the Legal Aid Society

*Jackson, Fuller, Nash & Brophy,* for the Home for Old Men and Aged Couples and for St. Luke's Home for Aged Women.

*Frederick H. Comstock,* for the Women's Hospital in the State of New York.

*Curtis, Mallet-Prevost & Colt,* for the Society for the Relief of Half Orphan and Destitute Children.

*Zabriskie, Sage, Gray & Todd,* for the Cathedral of St. John the Divine.

*King, Lane & Trafford,* for St. Luke's Hospital.

*Cadwalader, Wickersham & Taft,* for the New York Association for Improving the Condition of the Poor and for the Samaritan Home for the Aged of the City of New York.

*Gould & Wilkie,* for the New York Infirmary for Women and Children.

*Stewart & Shearer,* for the New York Society for Relief of the Ruptured and Crippled.

*George N. Whittlesey,* for the Children's Aid Society.

*Frederic de P. Foster,* for An Association for the Relief of Respectable, Aged, Indigent Females in The City of New York.

*Satterlee & Canfield,* for the State Charities' Aid Association.

*Emmet, Marvin & Roosevelt,* for the New York Orthopedic Dispensary and Hospital and for Home for Incurables.

*Samuel Riker, Jr.,* for the New York Eye and Ear Infirmary.

*Carl S. Petrasch,* for the East Side House.

*Carter, Ledyard & Milburn,* for the Seamen's Church Institute of New York.

*Spencer, Ordway & Wierum,* for the Stockbridge Library.

FOLEY, S.:

On this accounting a construction of the will and codicils is necessary in order to determine to whom certain legacies given under these instruments are to be paid.

The testatrix left a will dated April 8, 1915, a codicil dated May 7, 1915, and a second codicil dated June 20, 1919. These instruments were admitted to probate after a contest. The will contains the following residuary clause:

" *Twenty-fourth.* All the rest, residue and remainder of the property and estate of every kind and nature and wheresoever situate which I may own at the time of my death, I give, devise and bequeath to 'The Rector, Church Wardens and Vestrymen of Grace Church in The City of New York,' ' The Children's Aid Society ' of The City of New York, ' The Roosevelt Hospital ' of The City of New York, ' St. Luke's Hospital ' of the city of New York and ' The Society of the New York Hospital ' of the city of New York, to be had and held by them and their successors and assigns in equal shares."

In paragraph 11 of the first codicil the testatrix gave a legacy of $30,000 to Allen W. Evarts. That codicil also contained the following language:

" *Twelfth.* As modified by this codicil, I hereby confirm and republish my said will which bears date April eighth, nineteen hundred and fifteen, and do declare the said will and this codicil taken together to be and constitute my only last will and testament."

The 3d paragraph of the second codicil devised and bequeathed to Allen W. Evarts " my pew in Grace Church in the City of New York." The 8th paragraph of this codicil also contained the following language: " As altered and modified by this codicil I hereby confirm and republish my said will dated April eighth, nineteen hundred and fifteen and the first codicil thereto dated May seventh, nineteenth hundred and fifteen, and declare the said will and codicil and this codicil taken together to be and constitute my only last will and testament."

Allen W. Evarts was also named in the will as one of her executors. During the probate contest, in order to qualify as a witness and to avoid the effect of section 347 of the Civil Practice Act (former Code Civ. Proc. § 829) Mr. Evarts executed and acknowledged a renunciation of the legacies given him under the will and codicils.

Surrogate's Court, New York County, January, 1925.     [Vol. 124

The accounting executors have this property in their hands.   The heirs at law and next of kin of the testatrix have filed objections to the account with respect to payments made for legal services and other disbursements.   In these objections they also assert a claim to the legacies renounced by Mr. Evarts, on the ground that as to these legacies the testatrix died intestate.

If the testatrix be held to have died intestate as to any of her property, the contestants would be persons interested and entitled to file objections.   On the other hand, if there be no intestacy, they have no status as interested parties and their objections to the account must be dismissed as a matter of law.   I find that the testatrix died testate as to all her property, and the objections filed herein by the next of kin and heirs at law must be dismissed.

*Osburn* v. *Rochester Trust & Safe Deposit Co.* (209 N. Y. 54) and *Matter of Danklefsen* (171 App. Div. 339), cited by the contestants in support of their claim, are not in point.   In those cases a subsequently executed codicil was revoked by the testator, and he was held in each instance to have died intestate as to the legacies given in the codicil, because the revocation thereof did not revive the will in its original form.   In other words, the codicil created an additional legacy carved out of the residue under the will.   When the codicil was revoked, the amount of the legacy was not restored to the residue and passed as intestate property.

Both codicils here expressly reaffirmed the will and declared each instrument, together with the will, to be the last will and testament of the testatrix.   Under these circumstances the legacies to Mr. Evarts may be considered, so far as the legal aspects of this matter are concerned, to have been incorporated in one instrument, which was testamentary in character and disposed of her entire estate.   The execution of the codicils did not, as the contestants claim, revoke the residuary clause.   The effect of the codicils and their reaffirmation of the will was to incorporate in the will additional legacies to Mr. Evarts.   The residuary was reduced, but the residuary clause was not revoked.   The legacies were renounced and became a part of the general estate.   If the estate is sufficient, they pass under the residuary clause of the will.   No citation of authority is necessary other than the recent case of *Matter of Cole* (235 N. Y. 48).   In that case (at p. 56) the court, in defining the term " residuary estate," said: " This, therefore, brings it within the doctrine established ' by the reported cases and by the text-books, that where the residuary bequest is not circumscribed by clear expressions in the instrument and the title of the residuary legatee is not narrowed by special words of unmistakable import, he will take whatever may fall into the

residue, whether by lapse, invalid dispositions, or other accident.' (*Riker* v. *Cornwell*, 113 N. Y. 115, 127. See, also, *Lamb* v. *Lamb*, 131 N. Y. 227; *Carter* v. *Board of Education*, 144 N. Y. 621; *Matter of Miner*, 146 N. Y. 121.)"

The objections of Samuel D. Southmayd, Julia Y. Southmayd, Meta A. Southmayd and Mary O. S. Meeker are dismissed.