George Frankenthaler, S.
The testatrix executed a will dated July 2, 1954 and a purported codicil thereto dated June 30, 1955. The executed copy of the latter instrument has not been found but a conformed copy has been produced. The due *992 execution of the codicil has been challenged and it- also is contended that this paper was revoked by the testatrix.
The provisions of the will affected by the codicil are paragraph Ninth, which bequeaths a legacy of $1,000 to a niece,, paragraph Eleventh, which bequeaths a legacy of $1,000 to Helen P. MacDonald a friend of the testatrix, and paragraph Twenty-Second, which names this friend and Florence de L. Lowther as- executrices. The first paragraph of the codicil revokes paragraphs Eleventh and Twenty-Second and states the intention of the testatrix to be to revoke the bequest to Mrs. MacDonald and the latter’s appointment as executrix. The second paragraph of the codicil revokes paragraph Ninth of the will and the third paragraph of the codicil bequeaths a $2,000 legacy to the niece to whom $1,000 had been bequeathed in the will. The fourth paragraph of the codicil bequeaths $1,000 to Kathryn Linden, who is not mentioned in the will, and . the fifth paragraph of the codicil nominates Kathryn Linden as a coexecutrix with Florence de L. Lowther.
The validity of the will was not questioned and proof of its validity having been received it was' admitted to probate by a decree which granted letters testamentary to Florence de L. Lowther but reserved for later determination all issues as to the validity of the codicil. The parties have submitted such issues to the court upon the filed papers, the testimony of witnesses taken pursuant to section 141 of the Surrogate’s Court Act, and certain agreed facts.
The testimony of the witnesses who subscribed the codicil establishes that this instrument was duly executed in accordance with the statutory requirements and that the testatrix was competent and free from restraint at the time of such execution. The proof is that the codicil was delivered, to the testatrix following its execution and that it could not be found after her death. The presumption of fact is that the codicil was destroyed by the testatrix with the intention to revoke it (Knapp v. Knapp, 10 N. Y. 276; Collyer v. Collyer, 110 N. Y. 481; Matter of Kennedy, 167 N. Y. 163; Matter of Cunnion, 201 N. Y. 123; Matter of Staiger, 243 N. Y. 468). There is no evidence that the codicil was accidentally destroyed, misplaced by the testatrix, unintentionally discarded by her or wrongfully abstracted from her possession by another and the conclusion must be that the codicil was not in existence at the decedent’s death. The presumption of revocation is controlling and the conformed copy of the codicil must be denied probate.
The valid execution of the codicil modified the existing will by explicit reference to certain provisions of the will and the *993 terms of the will were not revived by the subsequent revocation of the codicil (Osburn v. Rochester Trust & Safe Deposit Co., 209 N. Y. 54; Matter of Hargrove, 262 App. Div. 202, affd. 288 N. Y. 604; Matter of Hill, 176 Misc. 774). The first paragraph of the codicil contains the statement “ I hereby revoke paragraphs ‘ Eleventh ’ and ‘ Twenty-Second ’ of my said Last Will ” but the purpose of the testatrix is more explicitly expressed in the words then following in the same sentence when she said “ it being my intention to revoke the bequest to, and appointment as Executrix of Helen Parsons MacDonald, made in said paragraphs of my said Last Will ”. The fifth paragraph of the codicil then reappoints as executrix Florence de L. Lowther who was originally named as a coexecutrix in the will, and this paragraph of the codicil names Kathryn Linden as a coexecutrix. It is clear that the codicil revoked the legacy to Mrs. MacDonald and also revoked her appointment as a coexecutrix. The codicil does state that paragraph Twenty-Second of the will is revoked but upon reading the first paragraph of the codicil in its entirety and giving it the significance obviously intended by the testratrix, the conclusion is inescapable that the testatrix did not intend to revoke the appointment, of Florence de L. Lowther as a coexecutrix.
The $1,000 legacy to the testatrix’ niece was revoked by the codicil which then bequeathed a legacy of $2,000 to the niece. The effect of this was to double the original legacy but in form it was the substitution of the latter legacy for the former. It cannot be.said that when the testatrix revoked the codicil she intended to reinstate the legacy to her niece in its original amount. The testatrix may have been under the mistaken belief that the revocation of the codicil would have such a result, she may have failed to consider the effect of the codicil’s revocation upon the gift to the niece or she may have deliberately intended to revoke any gift to her niece. Whatever the intention of the testatrix may have been, evidence of it is lacking and it must be found that the niece derives no benefit from the will as amended by the revocatory provisions of the codicil.
Submit supplemental decree on notice determining that the valid execution of the codicil revoked the legacies in paragraphs Ninth and Eleventh of the will and revoked the appointment of Helen Parsons MacDonald as executrix, futher determining that the codicil was revoked by the testatrix, denying probate to the codicil and removing the restraint upon the executrix contained in the decree admitting the will to probate.