William J. Regah, S.
The court is satisfied on all the proof that proponent’s will dated May 13, 1971 is valid and that both this will and codicil thereto dated February 16,1972, a conformed carbon copy of which was presented at the hearing, were validly executed and that at the time of the execution of each instrument *226 decedent was competent to paake a will and free from restraint (EPTL 3-2.1; SOPA 1408).
The will made numerous specific bequests of personalty and by the codicil the testatrix left her doctor all of my household furniture, pictures, figurines and other items of tangible" personal property which I have not hereinbefore specifically bequeathed in my aforesaid Last Will and Testament. It is my intention that all of the specific bequests set forth in my aforesaid Last Will and Testament remain as set forth therein.” This codicil also goes on to provide: “ Second : I hereby ratify and confirm my aforesaid Last Will and Testament in every other respect. ’ ’
The attorney draftsman, who was also one of the subscribing witnesses in each instrument, testified that in May of 1972 testatrix advised that she wanted to leave her doctor out of the will and requested return of the original codicil. He further testified that he personally returned the codicil to her on May 24, 1972, that she appeared competent at this time, and that he advised her that she should destroy this codicil if she wished to revoke it. A senior trust officer of Marine Midland Bank-Western testified that she and an assistant trust officer went to decedent’s home the next day on May 25,1972, at decedent’s request, and decedent told them she did not want to leave any items to her doctor and that she wanted the original will left as it was but wanted to destroy the codicil. Both trust officers testified that she thereupon tore up the original codicil and deposited it in a wastepaper basket. They testified that in their opinion decedent was perfectly competent at the time of this transaction.
Physical destruction does not necessarily result in revocation. A valid revocation is established only as a result of a judicial determination. (Matter of Hendricks, N. Y. L. J., Feb. 28, 1967, p. 22, col. 5.)
On all the proof the court is satisfied that the codicil was properly revoked by the testatrix on May 25, 1972 and that she fully intended to revoke the codicil only and not the will, the original of which remained in the custody of the bank.
The question once again arises as to the effect on a will of revocation of a codicil. Any ambiguities in the reverse situation, namely, the effect on a codicil of revocation of a will, have now been resolved by statute which explicitly provides that revocation of a will revokes all codicils. (EPTL 3-4.1.) This proposition is not necessarily true in reverse, however. (Osburn v. Rochester Trust & Safe Deposit Co., 209 N. Y. 54 [1913].) Here the court said (p. 56): “ While it might often happen that the codicil would be so related to and dependent on the will that it *227 would be impossible to destroy the latter without carrying down the former, the reverse would ordinarily not be true. There would seem to be no good reason why a testator should not be allowed to revoke a codicil, which might be as in this case an entirely separate and distinct instrument, without destroying his will, in itself a full and complete instrument.”
The facts as recited by the Court of Appeals in the above-cited case are not unlike the factual situation before us (p. 56): ‘ ‘ The testatrix duly made and executed a will and subsequently a codicil which only modified the former by making an additional bequest of one thousand dollars before creating and providing for a residuary estate. Apparently the will and codicil were, physically, detached and separate instruments. Subsequently the codicil was intentionally destroyed and thereby revoked, but the will was fully preserved and after the death of the testatrix found in an appropriate place for custody and duly admitted to probate.”
On that set of facts the court held (p. 58), as follows: “ When the codicil modified the will by providing for an additional legacy before creation of the residuary estate it modified and revoked the will to that extent. This revocation was consummated at the moment when the codicil was executed and published and thereafter the will was to that extent annulled. After this revocation had thus been consummated by the execution of the codicil the will could not be restored to its original form and tenor simply by the revocation of the codicil. A revocation of the revocation could not thus be accomplished. The effect of this is that the testatrix died intestate as to one thousand dollars.”
Similar holdings to the same effect may be found in Matter of Moffat (5 Misc 2d 991); Matter of Hararove (262 App. Div. 202, affd. 288 N. Y. 604); Matter of Hill (176 Misc. 774). Additional cases on this point are collected in Ann. 7 ALB 3d 1155.
These cases make it clear that the precise effect on prior codicils and the original will of revocation of a later codicil must depend u^on the facts of each case. On the facts of the case before as the court is satisfied that the original will of the decedent remains valid and will be admitted to probate and that the isekold furniture, pictures, figurines and other items of tangible property pass by intestacy.