OPINION OF THE COURT
Bernard M. Bloom, S.
In this construction proceeding, the court is requested to determine the effect of a revoked but. duly executed codicil upon a will which has been admitted to probate.
The decedent, Lea Lake, died on April 24, 1988. On August 19, 1984 the decedent executed a will and on May 15, 1985, she executed a codicil thereto, the original of which was never found. The will was duly admitted to probate by decree of this court, dated February 21, 1990. A conformed copy of the codicil was produced but denied probate because the original could not be located after the decedent’s death and the petitioners were unable to overcome the presumption that the decedent had destroyed the codicil during her lifetime.
*570 The provisions of the will affected by the codicil are article fifth wherein the decedent bequeaths certain real property known as 527 68th Street, Brooklyn, New York, to Lois Jayne Bobe, article eighth wherein the decedent bequeaths the sum of $1,000 to David Levandowski and article eleventh wherein the decedent bequeaths the residue of her estate to her sister Queenie McFarland. Article third of the codicil eliminates article fifth of the will and bequeaths the real property referred therein to David Levandowski. Article fourth of the codicil eliminates article eighth of the will. In addition, under article second of the codicil, the decedent bequeaths the sum of $5,000 to her friend Alma Marx who is not mentioned in the will. In article fifth of the codicil the decedent ratifies and confirms all other provisions of her will.
While the conformed copy of the codicil was denied probate, the testimony of the subscribing witnesses elicited at a hearing establishes that the codicil was duly executed at a time when the decedent was competent and free from restraint and the court so finds. (SCPA 1408; EPTL 3-2.1.) The question then becomes what effect the revoked but duly executed codicil has upon the provisions of the probated will.
Under New York law, a codicil proven to be duly executed, operates to revoke those provisions of the will affected thereby despite the fact that the codicil is not admitted to probate. (Osburn v Rochester Trust & Safe Deposit Co., 209 NY 54 [1913]; Matter of Danklefsen, 171 App Div 339 [2d Dept 1916]; Matter of Hargrove, 262 App Div 202 [1st Dept 1941], affd 288 NY 604 [1942]; Matter of Cable, 213 App Div 512 [3d Dept 1925], affd 242 NY 510 [1926]; Matter of Schild, 72 Misc 2d 225 [Sur Ct, Erie County 1972]; Matter of Moffat, 5 Misc 2d 991 [Sur Ct, NY County 1956].) The revocation is said to be consummated at the moment of execution of the codicil. (Osburn v Rochester Trust & Safe Deposit Co., supra.) The subsequent revocation of the codicil does not revive those provisions of the will which had been revoked by the execution of the codicil. (Osburn v Rochester Trust & Safe Deposit Co., supra; Matter of Danklefsen, supra; Matter of Schild, supra; Matter of Moffat, supra; Matter of De Coster, 150 Misc 807 [Sur Ct, Kings County 1934].) To revive a revoked will or the revoked provisions thereof requires either a new will or a republication of the will done in conformity with the statutory formalities for the execution of a will. (EPTL 3-4.6; Osburn v Rochester Trust & Safe Deposit Co., supra.) Accordingly, the *571 revoked provisions of the will remain revoked and cannot be given effect.
The above-stated rules are a pronouncement of the legal effect of a revoked codicil upon the will, but a further question arises as to the proper disposition of the revoked bequests provided in the will. When the codicil revokes the will to the extent of providing for a preresiduary bequest not otherwise mentioned in the will, the Court of Appeals has held that this bequest passes as intestate property and not as part of the residuary. To support such a conclusion, the court in the case of Osburn v Rochester Trust & Safe Deposit Co. (supra) reasoned that the additional bequest provided in the codicil reduced the residuary estate to that extent. Intestacy was held to result so as to prevent a revival of the will and a restoration of the residuary estate. (Osburn v Rochester Trust & Safe Deposit Co., supra, at 58.) At least one appellate court has criticized the result reached in Osburn on the basis that it is contrary to the well-established principle that there is a presumption against intestacy in favor of residuary beneficiaries and accordingly, all ineffective dispositions are to pass under the residuary. (Matter of Kent, 169 App Div 388 [4th Dept 1915].) However, the presumption against intestacy is a rule founded upon intention and it appears that intention, specifically, whether the decedent would have preferred for the bequest to pass under the residuary as opposed to intestacy has no bearing on this issue. Rather, Osburn, as codified by EPTL 3-4.6, stands for the proposition that a will, once revoked, remains revoked unless republished irrespective of intention. In determining the ultimate disposition of the revoked bequests, the critical factor is ensuring that the revoked provisions of the will are not given effect. To that end, if the codicil revokes a residuary bequest, the result is intestacy. However, if the codicil affects preresiduary bequests already contained in the will, there is no reason why the preresiduary bequests should not pass under the residuary. Such a result would in no way revive the revoked preresiduary bequests contained in the will. Although the Court of Appeals in Osburn was not confronted with the latter situation and this court’s research fails to disclose any authority expressly stating such to be the result, in this court’s opinion this result explicates the court’s reasoning in Osburn and will be applied herein.
On the basis of the aforestated rules, it is clear that the additional bequest of $5,000 contained in article second of the *572 codicil revoked the residuary bequest to that extent and accordingly the $5,000 passes in intestacy. As to the preresiduary bequest of $1,000 to David Levandowski contained in article eighth of the will and eliminated under article fourth of the codicil, this bequest passes under the residuary clause contained in article eleventh of the will. As to the preresiduary bequest of the real property known as 527 68th Street, Brooklyn, New York, contained in article fifth of the will and eliminated by article third of the codicil wherein the same property is bequeathed to David Levandowski, this bequest also passes under the residuary clause contained in article ELEVENTH of the will.