330 So.2d 797 (1976)
In re ESTATE OF Stanton GRIFFIS, Deceased (Two Cases).
Nos. 75-1403, 75-1434.
District Court of Appeal of Florida, Fourth District.
April 23, 1976.
*798 Coe & Broberg, Palm Beach, and Chester Bedell of Bedell, Bedell, Dittmar & Zehmer, Jacksonville, for appellant.
I. Ronald Horowitz, New York City, Cromwell, Remsen, Pfaffenberger, Gordon & Dahlmeier, Riviera Beach, and Edwin O. Simon of Redfearn & Simon, Miami, for appellee.
MAGER, Judge.
The issues to be determined in this appeal involve the validity of the revocation of two codicils by the testator and the legal effect of such revocation (if valid) upon a former will and codicil thereto, i.e. was there a revival or re-establishment.
At the outset it should be noted that a new Florida Probate Code has been adopted, effective January 1, 1976. Specific provisions of the new Code address themselves to the issues involved in this appeal, but such provisions not being operative until after January 1, 1976, are not dispositive of this case (see in particular §§ 732.506 and 732.508, F.S.). Our disposition, therefore, is based upon particular facts of this case and the application to those facts of the law existing at the time of the death of the testator.
In the instant situation the testator executed a will on January 15, 1974, paragraph G, article second of which provided certain monetary benefits to his wife; on February 5, 1974 testator executed a codicil which changed a part of his will and specifically substituted a new paragraph G increasing the benefits to his wife. On April 3, 1974 testator executed a second codicil in which he revoked the February 5, 1974 codicil in its entirety and revoked the increased benefits contained in paragraph G of article second.
On April 5, 1974 testator went to the office of his attorney indicating that his circumstances had changed with regard to his marital situation and he now desired to revoke the codicil of April 3, 1974 and reinstate all the provisions of his will including the codicil of February 5, 1974. Testator was advised that this could be accomplished by physically destroying the second codicil and such was done in the presence of his attorney and another; notation of the destruction was made on the xerox copy of the destroyed codicil.
On April 19, 1974 the testator executed a third codicil with (revoking) provisions identical to those contained in the second codicil requesting his attorney to retain the codicil in his files. On April 23, 1974 testator returned to his attorney's office indicating that his marital situation had improved and that he now desired to destroy the third codicil and reinstate the will and earlier codicil of February 5. Again, testator physically destroyed the third codicil in the presence of his attorney and another with notation that such destruction had been made on the photo copy.
Testator died on April 29, 1974 and thereafter the will of January 15, 1974 and the first codicil of February 5, 1974 which were still intact were admitted to probate. However, it was the position of the executor below that the subsequent codicils could not be revoked by physical destruction and that in any event such destruction did not revive the pertinent language in the original will and the first codicil thereto.
The trial court entered a summary final judgment concluding that under the provisions of then sections 731.13 and 731.14(1), F.S.,[1] the codicils of April 3, 1974 and *799 April 19, 1974 were destroyed and revoked. The trial court further concluded that under the provisions of sec. 731.15, F.S.,[2] the destruction of the second and third codicils did not re-establish or revive the February 5, 1974 codicil or paragraph G of article second of the will; the trial court was of the opinion that section 731.18, F.S., required the testator to re-execute and republish the pertinent provisions of the will and codicil with the same formalities required by law for the execution of wills.
The parties agree that there are no genuine issues of material fact and it is undisputed that at the time of the destruction of the codicils the testator orally expressed his intention that such destruction was with the intent to reinstate the February 5, 1974 codicil and paragraph G of article second.
Upon review and consideration of the specific factual circumstances and the law applicable thereto we are of the opinion that the trial court correctly concluded that the codicils of April 3, 1974 and April 19, 1974 were effectively revoked by the testator's physical destruction thereof; however, we are of the opinion that the trial court erred in concluding that such destruction did not re-establish or revive the February 5 codicil and paragraph G of article second of the will.
We arrive at this decision on a basis differing from that relied on by the trial court. We are not unmindful that the provisions of sections 731.13 and 731.14(1), F.S., support the conclusion herein reached on the issue of the validity of the revocation; nor are we unaware that section 731.15, F.S., may facially appear to conflict with our determination on the issue of revival and re-establishment. However, it is our view that these provisions are concerned with the revocation and revival by revocation of a will and not a codicil, hence they are not directly applicable. See, for example and compare sections 732.506 and 732.508, F.S.[3]
While it may be necessary for a "will or any part thereof to be revoked by a subsequent writing", sec. 731.13, supra, a codicil to a will is not a "part thereof" for the purposes of revocation so as to require a written instrument in order to effectively revoke such codicil. See section 2.07, Redfearn Wills and Administration in Florida, 4th ed. 1971; see also Waterbury v. Munn, 159 Fla. 754, 32 So.2d 603 (1947). The language of sec. 731.13, F.S., does not prevent a revocation of the second and third codicils by means of the physical destruction of such codicils. Absent specific language in the Probate Code prohibiting (or even relating to) the revocation of a codicil by the physical destruction thereof and the effect of such destruction on a prior will or codicil we conclude that the common law rules may be resorted to and are applicable. See sec. 2.10, F.S.
Under the common law a will (or a codicil) can be revoked by physical destruction *800 of such instrument, i.e. burning, canceling, tearing, defacing or obliterating, and that the destruction has the effect of reviving the prior will (or codicil). See Schaefer v. Voyle, 88 Fla. 170, 102 So. 7 (1924). See also Redfearn, supra, sec. 805. The foregoing proposition coupled with the undisputed record reflecting the circumstances surrounding the revocation clearly demonstrates that the testator intended this method of revocation to constitute a reinstatement of his earlier will and codicil thereto. See In re Will of Schild, 72 Misc.2d 225, 338 N.Y.S.2d 770 (1972); see also Annotation: Revocation of Will as Affecting Codicil and Vice Versa, 7 A.L.R. 3d 1143-1154.
In summary, we conclude that the codicils of April 3, 1974 and April 19, 1974 were effectively revoked by the testator's physical destruction thereof; that such revocation re-established and revived the February 5, 1974 codicil and paragraph G of article second of the will. This determination not only comports with the common law rule (now substantially reflected in sections 732.506 and 732.508(2), supra) but is also consistent with the expressed intention of the testator.
If the law is such as to permit an interpretation and application resulting in accomplishing the intent of the testator, surely it is the duty of the courts to so hold. Rhetorically, is not justice thereby done both to the spirit and letter of the law and to the parties in the cause?
Accordingly, the summary final judgment entered in favor of the executor, Nixon Griffis, is vacated and set aside and the cause remanded to the trial court with directions to enter such further orders as are consistent herewith.
REVERSED AND REMANDED WITH DIRECTIONS.
CROSS, J., and TROWBRIDGE, C. PFEIFFER, Associate Judge, concur.
NOTES
[1] "731.13 Revocation by written instrument.

A will or any part thereof may be revoked or altered by a subsequent written will, codicil or other writing, declaring such revocation or atleration; provided, that the same formalities required for the execution of wills under this law are observed in the execution of such will, codicil or other writing.
"731.14 Other revocation. 
(1) A will may be revoked by the testator himself or by some other person in his presence and by his direction, by burning, tearing, canceling, defacing, obliterating or destroying the same, with the intent and for the purpose of revocation."
[2] "731.15 Revival by revocation.

The revocation of a will expressly revoking a former will shall not revive the former will, even though such former will is in existence at the date of the revocation of the subsequent will."
[3] "732.506 Revocation by act 

A will or codicil is revoked by the testator, or some other person in his presence and at his direction, by burning, tearing, canceling, defacing, obliterating, or destroying it with the intent, and for the purpose, of revocation."
"732.508 Revival by revocation
(1) The revocation by the testator of a will that revokes a former will shall not revive the former will, even though the former will is in existence at the date of the revocation of the subsequent will.
(2) The revocation of a codicil to a will does not revoke the will, and, in the absence of evidence to the contrary, it shall be presumed that in revoking the codicil the testator intended to reinstate the provisions of a will or codicil that were changed or revoked by the revoked codicil, as if the revoked codicil had never been executed."