PER CURIAM.
Herbert Weinstein, executor of the estate of Mayer Weinstein, deceased, appeals an order awarding attorney’s fees to the counsel of Gabrielle Nash, an unsuccessful proponent in a will contest.
Gabrielle Nash was the sole beneficiary under a will executed by Mayer Weinstein on May 29, 1973. She typed the will and was present at its execution. Upon Mr. Weinstein’s death, she presented the will for probate. A will of May 24, 1973 in favor of Mr. Weinstein’s children and grandchildren was also presented. A will contest ensued and an order was entered denying Ms. Nash’s petition for probate of the May 29 will. She appealed and this court affirmed without opinion.[1] While the appeal was pending, Ms. Nash filed a motion for attorney’s fees pursuant to Section 733.106, Florida Statutes (1975) and Fla. R.P. & G.P. 5.090. The probate judge, after a hearing, awarded $6,500 to Ms. Nash’s counsel chargeable to Mr. Weinstein’s estate based upon the following findings:
* * * * * *
“The record in this proceeding revealed that the decedent died with at least three known wills as follows:
“May 29,1973 in favor of GABRIELLE NASH;
“May 24, 1973 in favor of his natural children and grandchildren;
“Will approximately 7 months earlier in which he substantially disinherited his children in favor of other legatees.
“The Petitioner, GABRIELLE NASH, initially opposed the Will of May 24,1973. However, the issue that was ultimately tried upon which an Order was entered on February 5, 1975 was the probate of the May 29,1973 Will. Prior to his death and on April 23, 1973, the decedent executed a land sale contract with respect to certain of his real property to GABRIELLE NASH. It is to be observed that this land sale contract was five weeks prior to the execution of a will in favor of GABRIELLE NASH. The mental capacity of the decedent to make and execute the said contract became the subject matter of a suit for specific performance in the guardianship proceeding involving MAYER WEINSTEIN (73-4144). The undersigned’s predecessor in this Division, the Honorable George E. Schulz decreed specific performance in favor of GABRIELLE NASH and against the Estate. Consequent upon favorable ruling of mental capacity of the decedent some five weeks prior to the execution of the Will in favor of GABRIELLE NASH, and in light of previous wills by which he had substantially disinherited his children and later by which he devised his estate substantially to the children, GABRIELLE NASH and her attorneys were justified in believing that the decedent had the mental capacity to make and execute the Last Will and Testament of May 29,1973. At least it cannot be said as a matter of law that they were not justified in so offering the Will of May 29, 1973 in light of the previous wills and previous ruling of Judge Schulz . .

The executor of the estate appeals and contends that charging the estate with attorney’s fees was a gross abuse of discretion because the petition for probate of the May 29 will was denied based upon undue influence, fraud and bad faith. We cannot agree.
First, there was no finding of undue influence, fraud or bad faith in the order denying Ms. Nash’s petition for probate of *702 the will. Second, the probate judge in his order awarding attorney’s fees, determined that as a matter of law Ms. Nash was justified in offering the May 29 will. There being substantial evidence to support this determination, we find no abuse of discretion. See Watts v. Newport, 151 Fla. 209, 9 So.2d 417 (1942); In re Estate of Whitehead, 287 So.2d 9 (Fla.1973).
Affirmed.

. In re Estate of Weinstein, 328 So.2d 33 (Fla.3d DCA 1976).