366 So.2d 80 (1978)
In re ESTATE OF Stanton GRIFFIS, Deceased.
No. 77-1860.
District Court of Appeal of Florida, Fourth District.
December 27, 1978.
Chester Bedell of Bedell, Bedell, Dittmar & Zehmer, Jacksonville, and Coe & Broberg, Palm Beach, for appellant Elizabeth K. Griffis.
Freeman W. Barner, Jr. of Cromwell & Remsen, Riviera Beach and Edwin O. Simon of Redfearn & Simon, Miami and I. Ronald Horowitz, New York City, for appellee Nixon Griffis, Executor of the Estate of Stanton Griffis.
*81 DAUKSCH, Judge.
This is an appeal from an order denying attorney's fees to successful contestant in a will case.
The case of In re Estate of Griffis, 330 So.2d 797 (Fla. 4th DCA 1976) established the manner in which the various beneficiaries were to be treated by the will of the late Stanton Griffis. In order for the last will of Mr. Griffis to be finally decided it was necessary for appellant, Elizabeth K. Griffis, to file suit and undergo protracted trial and appellate litigation. As it turned out, Elizabeth was able to obtain a benefit to herself.
More importantly, though, the ultimate will of Stanton Griffis was determined and the estate was benefitted. The benefit is that the beneficiaries whom Stanton Griffis intended are the ones who receive their legacies and bequests. For this the appellant is entitled to an attorney's fee. Section 733.106(3), Florida Statutes, (1975); In re Estate of McCune, 223 So.2d 787 (Fla. 4th DCA 1969). It is not the fact that the beneficiary who contested the probate was successful but that by that contest the final will of the decedent was established and his estate property divided and distributed. In re Estate of Whitehead, 287 So.2d 9 (Fla. 1973); In re Wilmott's Estate, 66 So.2d 465 (Fla. 1953); Johnson v. Burleson, 61 So.2d 170 (Fla. 1952). It should be noted in the Whitehead, supra, case the unsuccessful contestant was properly awarded an attorney's fee. See also In re Estate of Jones, 352 So.2d 1182 (Fla. 2d DCA 1977); In re Estate of Weinstein, 339 So.2d 700 (Fla. 3d DCA 1976); In re Estate of Barret, 137 So.2d 587 (Fla. 1st DCA 1962); In re Estate of Farris, 113 So.2d 721 (Fla. 3d DCA 1959).
Appellant also complains about the award of interest on her bequest. She says it should have been given to her from the date it became payable to her which under the common law was one year after the death of the testator. While we have no current statute regarding the payment of this type of interest we did have Section 731.22, Florida Statutes (1973), repealed by Ch. 74-106 & Ch. 75-220, Laws of Florida. It would be helpful if the legislature would establish some guidelines for persons concerned to follow. Here the trial judge awarded interest only from the date of the issuance of the mandate in In re Estate of Griffis, supra. For this we cannot find an abuse of discretion and hold that the award of interest on bequests is within the sound discretion of the court.
The order disallowing attorney's fees is reversed and this cause remanded for the award of attorney's fees in an amount to be set by the trial judge. The order awarding interest is affirmed.
REVERSED in part, AFFIRMED in part and REMANDED.
CROSS, J., and LEFFLER, KENNETH M., Associate Judge, concur.