399 So.2d 1048 (1981)
In re ESTATE OF Stanton GRIFFIS, Deceased.
No. 79-2435.
District Court of Appeal of Florida, Fourth District.
June 10, 1981.
Larry Klein, West Palm Beach, I. Ronald Horowitz, New York City, and Cromwell & Remsen, Riviera Beach, for appellant-executor.
Chester Bedell and Peter D. Webster of Bedell, Bedell, Dittmar & Zehmer, P.A., Jacksonville, and Coe & Broberg, Palm Beach, for appellee, Elizabeth K. Griffis (widow).
GLICKSTEIN, Judge.
The executor appeals an order of the trial court awarding attorneys' fees from the estate to the decedent's widow in the sum of $125,000. We affirm.
This is the third consideration of the subject estate by this court. The same attorneys representing the widow here represented her in the two previous appeals. See In re Estate of Griffis, 330 So.2d 797 (Fla. 4th DCA 1976), cert. denied sub nom. Griffis v. Griffis, 342 So.2d 1101 (Fla. 1977);[1] and In re Estate of Griffis, 366 So.2d 80 (Fla.4th DCA 1978).[2] These attorneys achieved for her by our 1976 decision the bequest from the decedent in his first codicil of $500,000. In doing so the attorneys effected a reversal of the trial court which had held the widow was entitled to nothing. The basic facts are in the 1976 published opinion and do not require repetition.
In the 1978 decision this court reversed the trial court's order disallowing attorneys' fees from the estate on behalf of the widow *1049 and remanded with directions to the trial court to set those attorneys' fees. This appeal followed the subsequent order which set the fees.
We initiate the discussion by holding that the amount of attorneys' fees set by the trial court is a matter of discretion and the exercise thereof will not be disturbed absent a clear showing of abuse. In re Estate of Ryecheck, 323 So.2d 51 (Fla.3d DCA 1975). See Division of Administration v. Denmark, 354 So.2d 100 (Fla.4th DCA 1978); Price v. Price, 389 So.2d 666, 669 (Fla.3d DCA 1980); Pfohl v. Pfohl, 345 So.2d 371, 379 (Fla.3d DCA 1977); Division of Administration v. Condominium International, 317 So.2d 811 (Fla.3d DCA 1975); and Canal Authority v. Ocala Manufacturing Ice and Packing Co., 253 So.2d 495, 496 (Fla. 1st DCA 1971), cert. denied, 259 So.2d 715 (Fla. 1972). In determining whether there has been an abuse of discretion we are bound to follow the standard pronounced by the supreme court in Canakaris v. Canakaris, 382 So.2d 1197, 1203 (Fla. 1980):
In reviewing a true discretionary act, the appellate court must fully recognize the superior vantage point of the trial judge and should apply the "reasonableness" test to determine whether the trial judge abused his discretion. If reasonable men could differ as to the propriety of the action taken by the trial court, then the action is not unreasonable and there can be no finding of an abuse of discretion. The discretionary ruling of the trial judge should be disturbed only when his decision fails to satisfy this test of reasonableness.
Sub judice the trial court expressly based its decision upon the factors in Disciplinary Rule 2-106(B) of the Code of Professional Responsibility, which provides:
A fee is clearly excessive when, after a review of the facts, a lawyer of ordinary prudence would be left with a definite and firm conviction that the fee is in excess of a reasonable fee. Factors to be considered as guides in determining the reasonableness of a fee include the following:
(1) The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly.
(2) The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer.
(3) The fee customarily charged in the locality for similar legal services.
(4) The amount involved and the results obtained.
(5) The time limitations imposed by the client or by the circumstances.
(6) The nature and length of the professional relationship with the client.
(7) The experience, reputation, and ability of the lawyer or lawyers performing the services.
(8) Whether the fee is fixed or contingent.
The trial court found that the subject matter involved protracted trial and appellate litigation; that the widow's attorneys had spent in excess of 750 hours on the case, of which more than 600 hours were attributable to attorneys each having more than twenty-five years of legal experience; that the legal issues involved were both novel and difficult, requiring considerable skill; that there was expert testimony from two attorneys, each of whom had practiced more than forty years, that $125,000 would be a customary fee in Palm Beach County for the services performed by the widow's attorneys; that a substantial sum of money had been involved in the litigation; that an especially good result had been achieved; and that the experience, reputation and ability of the widow's attorneys were excellent.
Appellant points out that the widow's fee arrangement with her attorneys was on an hourly basis with the understanding that if the attorneys were successful in obtaining the $500,000 bequest, they would be paid 25% or $125,000, less a credit for the hourly charges. If the hourly charges exceeded $125,000, they would be paid the hourly charges. Appellant relies on two cases *1050 from the Second District Court of Appeal; namely, Universal Underwriters Ins. Co. v. Gorgei Enterprises, Inc., 345 So.2d 412 (Fla.2d DCA 1977), and Kaufman and Broad Home Systems, Inc. v. Sebring Airport Authority, 366 So.2d 1230 (Fla.2d DCA 1979). In both cases, our sister court reduced the trial court's awards which had been based upon the attorneys' contingent fee arrangements. We believe neither case to be applicable here. In the Universal opinion the appellate court expressly recited that the criteria of DR 2-106(B) would not support the award, which is not what the trial court found in the instant matter nor what we perceive. In the Kaufman case, a rent collection matter, the court found that a fee that averaged out to $340.00 per hour was excessive; here the award averages out to $167.00 per hour.[3]
Appellant also relies upon In re Estate of Maxcy, 240 So.2d 93 (Fla.2d DCA 1970), cert. denied, 244 So.2d 435 (Fla. 1971), for the proposition that the widow should not have a plurality of attorneys to be paid by the estate if an executor is not so entitled. Here, the reasonable fee was based upon the value of the legal services provided as measured by the factors in DR 2-106(B), not on the number of attorneys representing the widow. The trial court did not award one fee to the Bedell firm and another fee to the Broberg firm. It awarded a single, reasonable fee for the services provided by all of the widow's attorneys.
We find appellant's further argument does not merit discussion. Therefore, we affirm.
AFFIRMED.
DOWNEY and MOORE, JJ., concur.
NOTES
[1] Hereinafter referred to as the 1976 decision.
[2] Hereinafter referred to as the 1978 decision.
[3] We note that we affirmed an award for fees that broke down to $340 per hour in an eminent domain proceeding, when such award complied with Section 73.092, Florida Statutes. This statute establishes guidelines, which are similar to Disciplinary Rule 2-106(B), for assessment of attorney's fees in eminent domain proceedings. Division of Administration v. Denmark, 354 So.2d 100 (Fla.4th DCA 1978).