DAUKSCH, Chief Judge.
This is an appeal from an order revoking letters of administration and granting probate of a lost will.
James H. Dumas died, leaving his wife Daisy. Sometime before his death, and before his marriage to Daisy, the decedent had purportedly made a will naming appel-lees as beneficiaries. The appellees are not lineal descendants of the decedent and are not legally related to the decedent. Appel-lee Emily Sanford is a daughter of a previous spouse of the decedent and appellee Jackie Sanford is her child.
The appellees were permitted by the trial court to show they had been provided for in a will of the decedent by introducing into evidence a copy of a will. The will had been executed before the marriage between the decedent and Daisy and the trial judge held it to be the “last will” of the decedent. There was conflicting evidence as to whether the decedent still intended to provide for the appellees subsequent to his marriage to Daisy Dumas. However, the conflicting evidence as to the decedent’s intentions is irrelevant because the statutory law is clear on the subject and controlling in this case.
The applicable statute is section 732.301, Florida Statutes (1981), and it provides that a person who makes a will and then marries a person not provided for in the will is presumed to have meant to leave that spouse an intestate share in his estate. The statute has some limited exceptions, none of which are applicable here based on the proof submitted to the trial court. The statute is called the Pretermitted Spouse statute and reads as follows:
When a person marries after making a will and the spouse survives the testator, the surviving spouse shall receive a share in the estate of the testator equal in value to that which the surviving spouse *59 would have received if the testator had died intestate, unless:
(1) Provision has been made for, or waived by, the spouse by prenuptial or postnuptial agreement;
(2) The spouse is provided for in the will; or
(3) The will discloses an intention not to make provision for the spouse.
The share of the estate that is assigned to the pretermitted spouse shall be obtained in accordance with section 733.805.
Because the decedent in the instant case died leaving no lineal descendants and was survived by his wife, the appellees are not entitled to share in his estate, regardless of the will. A pretermit-ted spouse receives the entire estate where no lineal descendants survive the decedent. Hoffman v. Kohns, 385 So.2d 1064, 1069 (Fla. 2d DCA 1980). Section 732.102, Florida Statutes (1981) says:
(1) The intestate share of the surviving spouse is:
(a) If there is no surviving lineal descendant of the decedent, the entire intestate estate.
When section 732.301, Pretermitted spouse, and section 732.102, Share of spouse> are read together there is no getting around it — the widow takes the entire intestate estate when no lineal descendant survives the decedent.
The trial court erred in its determination “Upon the peculiar facts of this case, the court construes the statutes to permit the petitioners (appellees) an opportunity to present evidence in rebuttal to the statutory presumption in favor of a pretermitted spouse.” That statute does not raise a mere presumption, it is absolute; not subject to rebuttal, and no exception should be extended to include a class not clearly comprehended by the statute. See Estate of Ganier, 402 So.2d 418 (Fla. 5th DCA 1981).
The order is reversed and this cause remanded for further proceedings consistent with this decision.
REVERSED AND REMANDED.
COBB and SHARP, JJ., concur.