PETER D. WEBSTER, Associate Judge,
dissenting.
This is an appeal from a final order awarding $250,000 in attorneys’ fees to a law firm that represented the designated personal representative and certain intestate heirs in a will contest. The will contest, itself, is fully described in In re Estate of Lane, 492 So.2d 395 (Fla. 4th DCA 1986). Appellant here is the current personal representative, and appellee Imperato was the personal representative at the time of the will contest. Fees were sought for services incident to the administration of the estate by the then personal representative, as well as for services incident only to the will contest. In the trial court and here, the current personal representative has conceded that the attorneys are entitled to $76,014 for services incident to administration of the estate. However, he argues that the remainder of the award constitutes a clear abuse of discretion because it bears no reasonable relationship to the benefit realized by the estate as a result of the will contest.
I do not disagree with the conclusion that the will contest was of some benefit to the estate and that, therefore, pursuant to statute an award of attorneys’ fees in some amount for services incident to the will contest was appropriate. See, e.g., In re Estate of Griffis, 366 So.2d 80 (Fla. 4th DCA 1978). However, I have reservations about the amount of the award made by the trial judge for those services. An award of attorneys’ fees such as this will not be disturbed on appeal unless it constitutes a clear abuse of discretion. In re Estate of Griffis, 399 So.2d 1048 (Fla. 4th DCA 1981). In my opinion, there are factors in this case, including the motivation behind the will contest and the relatively small amount by which the estate ultimately benefited, which suggest that the award might be excessive to the extent it was intended to compensate for services performed in the will contest. Unfortunately, the trial judge did not make any findings of fact, so there is no way to determine how or why he arrived at the amount awarded, or what are the components of the final sum. For me, this makes it impossible to say whether the trial judge abused his discretion.
I would remand to the trial court with directions that it set forth specific findings explaining the basis for its award. I would do so for two reasons. First, because, in my opinion, without such findings it is impossible to determine how and why the trial court arrived at the amount awarded and, therefore, whether it was an abuse of discretion. Second, because I believe that, as the award was made pursuant to statute, Florida Patient’s Compensation Fund v. Rowe, 472 So.2d 1145 (Fla.1985), applies and mandates that such findings be made. See Brady v. Williams, 491 So.2d 1160 (Fla. 2d DCA 1986). See also Boyle v. Boyle, 485 So.2d 879 (Fla. 2d DCA 1986).