542 So.2d 1023 (1989)
In re ESTATE OF Joseph Francis GASPELIN, Deceased.
Francis GASPELIN, Thomas Gaspelin, Delbert Gaspelin, John Gaspelin, William Gaspelin, and Vera Johnson, Appellants,
v.
Doris GASPELIN, Appellee.
Doris GASPELIN and Hamden H. Baskin, III, As Personal Representative of the Estate of Joseph Francis Gaspelin, Appellants,
v.
Francis GASPELIN, Thomas Gaspelin, Delbert Gaspelin, John Gaspelin, William Gaspelin, and Vera Johnson, Appellees.
Nos. 88-01596, 88-02016.
District Court of Appeal of Florida, Second District.
March 31, 1989.
Rehearing Denied May 3, 1989.
*1024 Avery G. Goodman of Avery G. Goodman, P.A., Clearwater, for Francis Gaspelin, Thomas Gaspelin, Delbert Gaspelin, John Gaspelin, William Gaspelin, and Vera Johnson.
Norris S. Gould of McFarland, Gould, and Lyons, P.A., Clearwater, for Doris Gaspelin.
Hamden H. Baskin, III, of Hamden H. Baskin, III, P.A., Clearwater, for Hamden H. Baskin, III, as Personal Representative of the Estate of Joseph Francis Gaspelin.
ALTENBERND, Judge.
The beneficiaries under the will of Joseph Gaspelin appeal the final judgment of the probate court declaring Doris Daerr Gaspelin to be a pretermitted spouse pursuant to section 732.301, Florida Statutes (1985). Since Mr. Gaspelin's heirs do not include any lineal descendants, the final judgment awarded Mrs. Gaspelin the entire estate. § 732.102(1)(a), Fla. Stat. (1985); In re Estate of Dumas, 413 So.2d 58 (Fla. 5th DCA), review denied, 422 So.2d 843 (Fla. 1982), appeal dismissed, 460 U.S. 1076, 103 S.Ct. 1761, 76 L.Ed.2d 337 (1983). The estate cross-appeals an award of attorney's fees to the attorney who unsuccessfully represented the beneficiaries in this adversary proceeding. We affirm the lower court in all respects.
Mr. Gaspelin executed a Florida will on August 16, 1983, when he was approximately seventy-one years of age. The will was prepared by his personal attorney, who had known him for more than ten years. Mr. Gaspelin's will appointed "my good friend Doris D. Daerr" as personal representative and devised his home to her under similar language. The will devised the remainder of his estate to his sister, his brother, and the four children of a deceased brother.
Several months before he executed this will, Mr. Gaspelin had been hospitalized. He knew Doris Daerr at that time and asked her to care for him at his home while he recuperated. She stayed in Mr. Gaspelin's house, but they did not live as husband and wife.
When Mr. Gaspelin executed his will in August 1983, he told his attorney that Doris Daerr was only a good friend and that he was not planning to marry her. Mr. Gaspelin changed his plans a year later and married Doris Daerr on August 15, 1984. Prior to his death on December 25, 1986, Mr. Gaspelin did not change his will.
A few weeks after Mr. Gaspelin's death, Mrs. Gaspelin filed the will. Represented by her husband's attorney, she filed a petition for administration on February 6, 1987. The probate court issued letters of administration and appointed Mrs. Gaspelin as personal representative on February 9, 1987.
On February 20, 1987, with the assistance of her own attorney, Mrs. Gaspelin filed a petition for determination of beneficiaries and maintained that she was a pretermitted spouse. Thereafter, Hamden H. Baskin, III, was appointed personal representative of the estate.
On June 15, 1987, Mrs. Gaspelin filed a spouse's election to take elective share pursuant to section 732.201, Florida Statutes (1985). The election was conditional and stated:
There is presently pending a petition to determine beneficiaries and should the court determine that the undersigned is a pretermitted spouse she will wish to take that share and this election shall be null and void, but it is filed to meet the statutory time requirement.
Following a bench trial, the probate court determined that Mrs. Gaspelin was a pretermitted spouse. Thus, she received the entire estate as she would have if Mr. Gaspelin had died intestate. Her election to take elective share became moot and the other beneficiaries under the will received nothing.
*1025 Among the many issues raised by the beneficiaries, only three warrant comment. First, the beneficiaries argue that Mrs. Gaspelin's burden of proof on her status as a pretermitted spouse should require clear and convincing evidence. When a party challenges a will for undue influence, the standard of proof required is only the preponderance of the evidence. Cripe v. Atlantic First Nat'l Bank, 422 So.2d 820 (Fla. 1982). Concerning the standard of proof, we do not see a meaningful distinction between a party who challenges a will in order to receive the benefits of a prior will, and a party who challenges a will to receive the benefits provided by Florida statute. We hold that the lower court properly applied the preponderance of evidence standard in this case and that there was competent, substantial evidence to support the lower court's findings under that standard. See Estate of Ganier v. Estate of Ganier, 418 So.2d 256 (Fla. 1982).
Second, the beneficiaries argue that Mrs. Gaspelin is estopped to seek the protection of section 732.301, Florida Statutes (1985), because she filed the will, petitioned for its administration, and was appointed personal representative after executing the standard oath of personal representative. We disagree. Mrs. Gaspelin was named as the personal representative in Mr. Gaspelin's will. Thus, she had statutory preference in appointment as personal representative. § 733.301(1)(a), Fla. Stat. (1985). She was qualified to act as personal representative. §§ 733.302-.303, Fla. Stat. (1985). There is no evidence in the record to suggest that Mrs. Gaspelin mishandled the assets of the estate during her tenure as personal representative. While the lower court prudently disqualified Mrs. Gaspelin after she filed her request to receive the benefits due a pretermitted spouse, a wife should not be required to forfeit her statutory rights merely because she is willing to serve as personal representative in accordance with the request of her deceased husband.[1]
Finally, the beneficiaries argue that Mrs. Gaspelin is estopped to receive her rights as a pretermitted spouse because she filed a subsequent conditional election to take elective share. There is nothing within the Florida Probate Code that suggests a spouse must abandon a claim as a pretermitted spouse under section 732.301 in order to seek an elective share under section 732.201, Florida Statutes (1985). The code does require the spouse's election to be filed within a specific time period. § 732.212, Fla. Stat. (1985). If it is not timely filed, the election is invalid. Allen v. Guthrie, 469 So.2d 204 (Fla. 2d DCA 1985). While the code does extend the time for filing an election under certain circumstances, it does not specifically state that an unresolved adversary proceeding concerning the issue of pretermitted spouse stays the time for filing an election to take elective share.
A beneficiary under a will is permitted to make a qualified or conditional renunciation of the will in order to contest the will. In re Estate of Harby, 269 So.2d 433 (Fla. 2d DCA 1972). It is reasoned that a qualified renunciation by a beneficiary leaves the disputed property in the possession of the estate and does not unreasonably disrupt the orderly and timely distribution of the estate assets. Likewise, the filing of a qualified election to take elective share in an estate with an unresolved adversary proceeding concerning the issue of pretermitted spouse does not jeopardize the estate property or unreasonably disrupt the orderly and timely distribution of the estate assets. Thus, we hold that the filing of a conditional election, subsequent to a petition to determine beneficiaries, does not result in the forfeiture of a claim as pretermitted spouse.[2]
*1026 On cross-appeal, the estate argues that the attorney who unsuccessfully represented the beneficiaries in the lower court was not entitled to an award of attorney's fees from the estate. Statutory attorney's fees are available under two separate theories:
(2) A person nominated as personal representative of the last known will, or any proponent of the will if the person so nominated does not act within a reasonable time, if in good faith justified in offering the will in due form for probate, shall receive his costs and attorney fees out of the estate even though he is unsuccessful.
(3) Any attorney who has rendered services to an estate may apply for an order awarding attorney fees, and after informal notice to the personal representative and all persons bearing the impact of the payment the court shall enter its order on the petition.
§ 733.106, Fla. Stat. (1985). The lower court's order seems to rely upon both provisions in awarding attorney's fees to the beneficiaries' attorney.
The estate argues that no fees are awardable under section 733.106(3), Florida Statutes (1985), because the attorney's actions did not enhance the value of the estate or render it any other benefit. Without some benefit to the estate, attorney's fees cannot be awarded from the estate under this statutory provision. Segal v. Levine, 489 So.2d 868 (Fla. 3d DCA 1986); Samuels v. Estate of Ahern, 436 So.2d 1096 (Fla. 4th DCA 1983); Tillman v. Smith, 526 So.2d 730 (Fla. 5th DCA 1988). It has been held that the attorneys for a successful contestant in a will contest are entitled to fees because their efforts assisted in determining the final will of the decedent even though their efforts did not increase the estate. In re Estate of Griffis, 366 So.2d 80 (Fla. 4th DCA 1978). No court has extended this reasoning to an unsuccessful beneficiary.
We do not need to determine whether the beneficiaries' attorney is entitled to a fee under section 733.106(3), because a fee is authorized in this case under section 733.106(2), Florida Statutes (1985). That statutory provision allows attorney's fees to an unsuccessful proponent of the will if the personal representative does not act within a reasonable time. While the personal representative in this case filed the will in a timely fashion, the personal representative immediately took the position that she was entitled to the entire estate despite the contents of the will. In this case, the only true proponents of the will were the beneficiaries. The second personal representative essentially remained neutral and did not act as an advocate for the beneficiaries under the will. Persons who are merely beneficiaries under a will should not be expected to provide the sole defense of the will at the risk of their personal assets. The unsuccessful beneficiaries are entitled to a fee to the extent that they acted in good faith as proponents of the will.
Affirmed.
CAMPBELL, C.J., and DANAHY, J., concur.
NOTES
[1] Although the filing of a petition as a pretermitted spouse may be sufficient cause for the removal of a spouse as a personal representative when the petition would disinherit the other beneficiaries, it is significant to note that the exercise of the right to the elective share, family allowance, or exemptions under the code is not typically cause to remove a spouse as personal representative. § 733.504(9), Fla. Stat. (1985).
[2] Whether a statutory election under section 732.201 can be qualified or conditional vis-a-vis the spouse's rights under the will is a separate issue not addressed by this opinion. See D. Hanley, Elective Share, § 7.20, in Basic Practice Under Florida Probate Code (3d ed. 1987).