This appeal is from a judgment of the probate court admitting the will of Lela Mae Sherman to probate and holding that her husband, Clarence Hellums, was not entitled to an intestate share in her estate as an omitted spouse, Ala. Code 1975, §43-8-90, but was entitled only to an elective share, § 43-8-70. Hellums argues that the trial court did not properly apply the test for determining whether an omitted spouse is entitled to an intestate share and that, under the proper test, the evidence entitled him to such a share. The appellees, who are the beneficiaries of Sherman's will, contend that the record is insufficient to support a reversal.
Sherman executed her will on June 29, 1987. On May 20, 1988, she married Hellums, and she remained married to him until her death on December 1, 1988. Sherman died without surviving issue or parents. After Sherman's death, Hellums filed a petition with the probate court, requesting that court to find that he was an omitted spouse and therefore entitled to the entire estate as his intestate share, pursuant to Ala. Code 1975, §43-8-90, reproduced below:
 "(a) If a testator fails to provide by will for his surviving spouse who married the testator after the execution of the will, the omitted spouse shall receive the same share of the estate he would have received if the decedent left no will unless it appears from the will that the omission was intentional or the testator provided for the spouse by transfer outside the will and the intent that the transfer be in lieu of a testamentary provision be reasonably proven.
 "(b) In satisfying a share provided by this section, the devises made by the will abate as provided in section 43-8-76."
Alternatively, Hellums petitioned for an elective share pursuant to § 43-8-70. He also requested his homestead allowance under § 43-8-110, his exempt property under §43-8-111, and his family allowance under § 43-8-112.
On February 24, 1989, a hearing was held on Hellums's petition. On March 1, 1989, the probate court entered an order holding Sherman's June 1987 will to be her valid last will and finding Hellums to have been lawfully married to her at her death and thus entitled to participate in her estate. The order continued:
 "The Court having heard testimony and argument as to the facts and circumstances of certain transfers of real property from the Petitioner as evidenced by the quitclaim deeds executed on November 18, 1987 and April 20, 1988, [concludes that] the Testatrix was aware and intended to convey her estate by will precisely as executed on June 29, 1987.
 "There was no presentation of evidence or dispute presented by the parties or their counsel that Lela Mae Sherman was anything but competent and capable *Page 276 
of executing a will to dispose of her estate. The Court noted with concern the manner in which the Testatrix apparently attempted to protect her estate by quitclaim deed as executed by the current Petitioner.
 "This Court considering the totality of the evidence presented does not feel that Clarence Hellums was an omitted spouse as defined under Section 43-8-90, Code of Alabama, and therefore [concludes that he] is entitled to participate in the Estate of Lela Mae Sherman to the extent of his Elective Shares as provided under Section 43-8-70, Code of Alabama, as amended, and as requested by his petition filed with this Court on February 6, 1989."
Hellums filed a motion to alter, amend, or vacate that order, and the probate court denied that motion on May 22, holding:
 "[T]he evidence and testimony did not dispute the competency and capability of the decedent to execute a will to dispose of her estate accordingly. The evidence clearly showed that the decedent did not intend, in the near future, to change her legal residence[1] and through her actions, fully intended to dispose of her property according to her Last Will and Testament."
On June 26 the court entered a final judgment on those orders pursuant to Rule 54(b), Ala.R.Civ.P.[2] Hellums appeals from that judgment.
Because no record had been made of the February 24 hearing on Hellums's petition, he filed a statement of those proceedings pursuant to Rule 10(d), Ala.R.App.P. Reinhardt objected to that statement and requested a hearing. The probate court held a hearing and entered an order settling the record. That order recited that, at the February 24 hearing,
 "the attorneys for Hellums and for Sherman's beneficiaries orally stipulated the following facts to the Court as the evidence for the hearing:
 "a. The will filed for probate was duly executed by Lela Mae Sherman on June 29, 1987, and she was competent at the time she executed the will on June 29, 1987.
 "b. Clarence Hellums lawfully married Lela Mae Sherman on May 20, 1988, after execution of the above will, and he was married to her continuously until and at the time of her death on December 1, 1988.
"c. Lela Mae Sherman died on December 1, 1988.
 "d. Lela Mae Sherman had no surviving issue or parents at the time of her death.
 "e. Clarence Hellums executed deeds quitclaiming to Lela Mae Sherman an interest in certain property in Elmore County on November 18, 1987, as shown by deed recorded on Roll 72 Frame 000327, and by deed dated April 20, 1988, and recorded on Roll 76 Frame 001022. Copies of these deeds are attached to the statement of proceedings as exhibits 1 and 2, and they were presented to the Probate Court at the hearing.
 "No stipulation was made as to the separate estate of Clarence Hellums by Mr. Mays R. Jemison but that disputed testimony was heard on the part of the Estate of Lela Mae Sherman, as to the separate estate."
The appellees argue that this sparse record[3] provides no basis on which to reverse *Page 277 
the judgment at issue. Hellums counters that, because the appellees presented nothing in addition to his statement of the February 24 proceeding but rather accepted the pertinent portions thereof, and because the court thereupon settled the record on appeal, the appellees have not contradicted his argument that, based on what was presented at the February 24 hearing, the trial court had no ground on which to deny his petition for an intestate share as an omitted spouse. To resolve this controversy, we turn to an examination of the standard for awarding an intestate share to an omitted spouse.
Alabama's current probate code was derived from the Uniform Probate Code ("UPC") drafted by the National Conference of Commissioners on Uniform State Laws. The statutes contained in those chapters are to be liberally construed and applied so that their underlying purposes and policies can be achieved. Ala. Code 1975, § 43-8-2(a).
The purpose of § 43-8-90, which is based on UPC § 2-301, is to remedy the unintentional disinheritance of a spouse when the decedent's will was executed before their marriage. The adoption of that section reflects "the view that the intestate share of the spouse is what the decedent would want the spouse to have if he had thought about the relationship of his old will to his new situation." Commentary to § 43-8-90.
There are no Alabama cases interpreting § 43-8-90 or assigning the burden of proof in actions brought under that statute.[4] However, a reading of cases from other jurisdictions reveals a considerable difference of opinion regarding the burden of proof that must be met by the surviving spouse. Two states, interpreting their versions of UPC § 2-301, have held that the surviving spouse has the burden of proving: (1) that he was not provided for in the decedent's will; and (2) that the decedent did not provide a substitute for a testamentary provision by a gift or transfer outside the will. See In reEstate of Keeven, 110 Idaho 452, 716 P.2d 1224 (1986); In reEstate of Christensen, 655 P.2d 646 (Utah 1982). Other states have held that once the surviving spouse proves that he was omitted from the will, the burden of proof shifts to the proponent of the will to show that the testator provided for the surviving spouse by inter vivos transfers and that those transfers were intended to be in lieu of a testamentary provision. In re Estate of Knudsen, 342 N.W.2d 387 (N.D. 1984);In re Estate of Beaman, 119 Ariz. 614, 583 P.2d 270
(Ariz.Ct.App. 1978). A third view is that UPC § 2-301 creates an irrebuttable presumption in favor of the omitted spouse. In reEstate of Dumas, 413 So.2d 58 (Fla.Dist.Ct.App.), cert. denied, 422 So.2d 843 (Fla. 1982), appeal dismissed sub nom.Sanford v. Dumas, 460 U.S. 1076,103 S.Ct. 1761, 76 L.Ed.2d 337
1983);
We find that the burden of proof adopted by Idaho and Utah requires the surviving spouse to prove a negative, which is rarely possible. This overly harsh burden seems to be at odds with the stated purpose of § 43-8-90 and contrary to the liberal construction policy set out in § 43-8-2(a). However, the "irrebuttable presumption" viewpoint expressed in the Florida appellate court decision is too extreme. Therefore, this Court finds the interpretation using the shifting burden of proof employed by North Dakota and Arizona to be the better reasoned view. Shifting the burden to the proponent of the will to prove that the testator provided for the spouse outside the will is most consistent with the terms of the statute, which requires that the will make apparent an intent to omit the future spouse or that the testator's intent to substitute an inter vivos transfer for a testamentary provision be reasonably proven.
Examples of inter vivos transfers that have been held to be in lieu of testamentary provisions are the opening of joint tenancy checking and saving accounts and the assignment of retirement or insurance benefits. *Page 278 In re Estate of Taggart, 95 N.M. 117, 619 P.2d 562
(N.M.Ct.App. 1980). For further discussion of the types of transfers that satisfy this requirement, see Annot., 11 A.L.R. 4th 1213 (1982).
In the instant case, the evidence shows that Hellums was omitted from Sherman's will. That will does not contain any language indicating that Sherman intended to omit or restrict a future spouse's inheritance, and none of the evidence suggests that Sherman made inter vivos gifts to Hellums with the intention that they be a substitute for a testamentary provision. In fact, none of the evidence indicates that Sherman made any gifts to Hellums. The probate court based its decision that Hellums was not an omitted spouse primarily on its determination that Sherman was competent at the time she executed her will. The competency of the testatrix was stipulated to at the February 24 hearing and is not conclusive in determining whether Hellums was unintentionally omitted from Sherman's will executed before the marriage or in determining whether she provided for him by transfers outside the will in lieu of a testamentary provision.
Because the probate court, in finding that Hellums was not entitled to an intestate share as an omitted spouse, did not properly employ the test set out in § 43-8-90, that court's judgment must be reversed. Therefore, that judgment is reversed and this case is remanded for a new hearing consistent with this opinion.
REVERSED AND REMANDED.
HORNSBY, C.J., and MADDOX, JONES, SHORES and ADAMS, JJ., concur.
STEAGALL, J., concurs in the result.
[1] The reference to change of residence pertains to an attempt to transfer this case to a different venue.
[2] After making this judgment final, the court awarded Hellums his homestead allowance, exempt property, and family allowance, and awarded him one-third of Sherman's estate as his elective share.
[3] On June 26, the day it entered the Rule 54(b) certification of finality on the orders at issue here, the court held a hearing to determine the value of Hellums's elective share. At that hearing, Hellums testified that he had executed the deeds recited in stipulation "e" to protect Sherman, his new wife, from his exwife's claims to the property, which he owned before his marriage to Sherman. Thus, those transactions do not support a finding that Sherman made extra-testamentary transfers to Hellums in lieu of a testamentary provision.
[4] One other case has been before this Court involving § 43-8-90. However, that case involved the petitioner's right to a jury trial, and the applicability of the Dead Man's Statute. No interpretation of § 43-8-90 was required. Kemp v. Kroutter,531 So.2d 854 (Ala. 1988).