Owen W. Wester appeals from the trial court's order that granted his petition for an elective share and denied his request to take as an omitted spouse.
Our review of the record reveals the following pertinent facts: In August 1972 Virginia C. Eason executed a will, naming her niece, Virginia P. Baker, as the sole beneficiary and the executrix of her will.
Eason married Wester in September 1973. In April 1974 Eason and Wester purchased three parcels of real property in joint tenancy with right of survivorship. Eason and Wester lived on this property. Eason had another parcel of property, which consisted of approximately eight acres of land with a house located on it.
Eason (deceased) died in April 1994. In May 1994 Baker filed a petition for probate of the deceased's will that had been executed in August 1972.
Wester filed a petition for an elective share of the deceased's estate, pursuant to Ala. Code 1975, § 43-8-70, or, in the alternative, a request to receive a share of the deceased's estate as an omitted spouse, pursuant to § 43-8-90.
After a non-jury trial, the trial court granted Wester's request to take an elective share, pursuant to § 43-8-70. The trial court denied Wester's request to take as an omitted spouse, pursuant to § 43-8-90.
This appeal followed. We would note that the appellee has failed to favor this court with a brief on appeal. *Page 448 
On appeal Wester contends that the trial court's denial of his request to take as an omitted spouse is contrary to the great weight and preponderance of the evidence. Wester further contends that the judgment of the trial court must be reversed because, he says, when the trial court attempted to determine his eligibility as an omitted spouse, it did not properly apply the criteria as provided in Ala. Code 1975, § 43-8-90.
Section 43-8-90(a) provides:
 "If a testator fails to provide by will for his surviving spouse who married the testator after the execution of the will, the omitted spouse shall receive the same share of the estate he would have received if the decedent left no will unless it appears from the will that the omission was intentional or the testator provided for the spouse by transfer outside the will and the intent that the transfer be in lieu of a testamentary provision be reasonably proven."
In Hellums v. Reinhardt, 567 So.2d 274 (Ala. 1990), our supreme court determined the burden of proof under § 43-8-90. Our supreme court decided that the surviving spouse has the initial burden of proving that he/she was omitted from the will. After the surviving spouse makes a showing that he/she was omitted from the will, the burden of proof shifts to the proponent of the will to demonstrate either that the will indicates that the omission was intentional or that the testator made a gift outside the will to the surviving spouse, which was intended to be in lieu of a testamentary provision.
In the present case it was stipulated that the deceased's will was executed prior to the marriage between the deceased and Wester; that the parties remained married until the deceased's death; that Wester, the surviving spouse, was not named in the will; and that the deceased's will does not indicate that the omission was intentional. It was further stipulated that Baker had the burden of proving that there was a transfer outside the will which was intended to be in lieu of a testamentary provision.
As previously noted, this was a non-jury case and the trial judge was the finder of fact. There was conflicting testimony concerning the purchase of the property in 1974. Wester testified that he, and he alone, purchased and paid for this property.
One of the deceased's sisters testified at the trial. Her testimony revealed the following: She and the deceased had a conversation about the deceased's will approximately one year before the deceased's death. During this conversation the deceased told her sister that although she hated to leave her home, she had helped Wester purchase the house where they were living so that Wester would have a house of his own and that she would not have to change her will.
A sister-in-law of the deceased testified that approximately four years prior to her death, the deceased told her that Wester was pestering the deceased to change her will and that the deceased had told Wester that she was pleased with the way her will was written and that she would leave it that way.
As our supreme court noted in Becraft v. Becraft,628 So.2d 404 (Ala. 1993), the trial court's findings are accorded a presumption of correctness, and the trial court's determination will not be disturbed on appeal unless it appears that such determination is either not supported by the evidence or obviously unjust or erroneous.
After viewing the record as a whole, and in light of the conflicting nature of the testimony presented, we cannot say that the trial court's determination that Wester was not entitled to a share as an omitted spouse is erroneous, unjust, or against the great weight of the evidence.
In view of the above, the judgment of the trial court is due to be affirmed.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of Ala. Code 1975, § 12-18-10(e).
AFFIRMED.
ROBERTSON, P.J., and THIGPEN and MONROE, JJ., concur. *Page 449